**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:25-CV-00687-BJB-CHL**


**PAUL VELGOS,**                                                                          **Plaintiff,**

**v.**

**TREE CARE, INC.,**                                                                     **Defendant.**


### SCHEDULING ORDER

Rule 1 of the Federal Rules of Civil Procedure explains that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Based on this admonition and the Joint Report of the Parties' Planning Meeting (*see* DN 11), the Court **ORDERS** that the parties shall satisfy their discovery obligations on or before the following deadlines:

(1)   **Fact discovery**

    a)   Initial disclosures (Rule 26(a)(1)): January 26, 2026

    b)   Motion to amend pleadings or join additional parties: March 16, 2026

    c)   Supplemental disclosures and responses (Rule 26(e)): whenever reasonably appropriate, on a continuing basis, but no later than June 19, 2026

    d)   Close of fact discovery: August 17, 2026

(2)   **Expert discovery**

    a)   Disclosure of experts (Rule 26(a)(2)):

        i.   Plaintiff:                          September 14, 2026

        ii.   Defendant:                       October 12, 2026

    b)   Deposition dates: Propose at least two dates, within 30 days, for each expert when exchanging each report.

    c)   Close of expert discovery: November 13, 2026

(3)   **Joint status report and conference at the close of discovery**

    a) Telephonic status conference: July 14, 2026, at 10:30 a.m., before Magistrate Judge Colin H. Lindsay.[1]   Counsel for the Parties shall connect to the conference by dialing 1-650-479-3207 and entering access code 2319 759 1660. Attendees should press # to skip entry of an attendee or host code.

    b) Joint status report (including position(s) on mediation): July 7, 2026

(4)  **Dispositive and expert motions**. December 14, 2026. The parties shall file all dispositive motions and any motions objecting to the admissibility of expert testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Requests for extensions must be made by written motion, and will be granted only for good cause.

(5)  **Opportunities for less experienced lawyers**.  Oral argument is often unnecessary to resolve motions.  Parties may, however, seek argument when it would aid the Court's consideration of the motion.  *See* Local Rule 7.1(f).  The Court will be substantially more inclined to grant argument when a party notes, in a concise footnote to its request, that argument would be delivered by a lawyer with fewer than 8 years of experience.

(6)  **Pretrial conference and motions**

    a) The trial judge anticipates setting a date for pretrial conference after resolution of the dispositive motions, if any.  The pretrial conference will be held at the Gene Snyder United States Courthouse in Louisville, Kentucky.

    b) No later than **21 days before the pretrial conference**, the parties shall file:

        i. Witness list (Rule 26(a)(3)).  The list shall specify which witnesses will testify at trial, which witnesses may testify at trial, and which witnesses would testify by deposition. (Rule 26(a)(3)(A).) The portions of any such deposition testimony that will be used at trial must be designated in accordance with Rule 26(a)(3)(B).  The witness lists shall also set forth the subject matter and purpose of each witness's testimony.

        ii. Exhibit list (Rule 26(a)(3)).  Include any demonstrative or summary exhibits to be used at trial (including opening statements) and a description sufficiently detailed to identify each exhibit.

        iii. Motions in limine, if any, with each party's requests included in a single motion.

---

[1] Counsel is advised that the Court is setting this conference telephonically as a convenience to and cost-saving measure for the Parties.  But the telephonic conference is still a court proceeding for which the Court expects counsel to appear on time.  Counsel is cautioned that non-appearance may result in the proceeding being rescheduled for an in-person conference that client representatives must attend and/or the issuance of sanctions pursuant to Fed. R. Civ. P. 16(f).

iv. Transcripts of the pertinent parts of all depositions to be used at trial, along with any motions regarding objections made in those depositions. (Rule 23(a)(3)(A)).  Any objection not specifically raised (by citation to page and line numbers) **shall be deemed waived**.

v. Pretrial brief.  It should contain a succinct statement of the facts, the disputed issues to be resolved by the factfinder, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law.

vi. Proposed agreed jury instructions and verdict forms.  Counsel shall exchange complete drafts in advance and make good-faith efforts to resolve any disagreements without the Court's involvement.  If counsel cannot agree on some issues, they shall contemporaneously file separate proposed instructions and verdict forms.  These should address only the areas of disagreement and include citations to supporting authorities.

vii. A reasonable number of proposed voir dire questions for the Court's use.

viii. A joint statement of the case that may be read to the jury panel during voir dire.

c) No later than **14 days before the pretrial conference**, the parties shall file:

i. Written objections to the lists of witnesses and exhibits previously filed by any other party. (Rule 26(a)(3)).  Any objections that are not disclosed, other than objections under FRE 402 and 403, **shall be deemed waived** unless excused by the Court for good cause shown.

ii. Responses to any other party's motion in limine.

iii. Responses to any other party's motion for a ruling on any objection made in a deposition.

d) At the **pretrial conference**, counsel shall be prepared to:

i. Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity.

ii. Discuss and make stipulations of fact or law which would expedite the trial of this action.

iii. Disclose any demonstrative or summary exhibits intended for use at trial.

iv. Display to the Court all exhibits intended to be used at trial, and provide the Court with a copy of all documentary exhibits. These should already be pre-marked in accordance with Local Rule 83.10(a). Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be **subject to sanctions** unless good cause is shown.

v. Advise the Court of anticipated technological issues that may arise at trial.

e) All attorneys who will try the case shall attend the pretrial conference.

(7) **Trial**. The Court anticipates setting a trial date when it schedules the final pretrial conference after the resolution of any dispositive motions. The anticipated length of trial is two days. This District Court's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. The names of persons assigned to jury panels and their qualification questionnaires may be disclosed to the parties seven days before trial, unless otherwise ordered, under Section 5.02 of the plan.

(8) **Discovery Disputes**. Before filing any discovery motion, all counsel must do two things. First, make a good-faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer with opposing counsel or other affected parties. Second, contact the Magistrate Judge to schedule a telephonic conference concerning the discovery dispute counsel have failed to resolve. Counsel shall email Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov to identify the dispute and schedule the conference, copying all counsel of record. Counsel shall include a short, non-argumentative statement regarding the general nature of the dispute (*e.g.* "Counsel would like to discuss the sufficiency of plaintiff's/defendant's responses to written discovery") but shall refrain from including substantive legal arguments or lengthy recitations of the facts underlying the dispute. The email should treat opposing counsel with respect and professional courtesy. If the dispute persists after the telephonic conference with the Magistrate Judge, the moving party may submit a written motion. The motion must certify that, and explain how, counsel have conferred in good faith but remain unable to resolve the dispute.

(9) **Deadline Extensions**. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted without an appropriate written motion, filed before the deadline in question, which demonstrates good cause beyond the control of counsel in the exercise of due diligence. In the event all parties agree to request the extension of a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the proposed order. This provision shall prevail over Local Rule 7.1 regarding motions to the extent they are inconsistent.

(10)   **Settlement Conferences**. The undersigned is conducting settlement conferences both via Zoom and in person.  The undersigned also remains available to conduct *ex parte* calls regarding settlement upon request. Any Party who wishes to request either a settlement conference or an *ex parte* call regarding settlement shall e-mail the undersigned's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov, copying all counsel of record, to request the same.  If requesting a settlement conference, the Parties shall confer and state in any request whether they prefer the conference be held in person or via Zoom.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:   Counsel of Record

January 9, 2026